UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PROPERTIES OF THE VILLAGES, INC.,
a Florida corporation,

        Plaintiff,

  v.                                CIVIL ACTION NO.

JASON KRANZ, CHRISTOPHER DAY and
ANGELA KRANZ,

        Defendants.
_____/

## COMPLAINT

The Plaintiff, PROPERTIES OF THE VILLAGES, INC. ("POV") hereby sues the Defendants, JASON KRANZ ("Mr. Kranz"), CHRISTOPHER DAY ("Day") and ANGELA KRANZ ("Ms. Kranz") (collectively "Defendants") for injunctive relief and/or damages arising from Defendants' breach of their respective restrictive covenants, tortious interference with Plaintiffs' advantageous business relationships, and unlawful misappropriation of confidential, proprietary and trade secret information, and states the following:

### JURISDICTION AND VENUE

1.    This Court has proper jurisdiction over the subject matter of this matter pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the federal Defend Trade Secrets Act and the Computer Fraud and Abuse Act. Furthermore, this Court has supplemental jurisdiction over the state law claims articulated herein pursuant to 28 U.S.C § 1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## THE PARTIES

3. POV is a Florida corporation engaged in the business of selling real estate and residential housing located in the community known as The Villages® (which encompasses parts of Lake, Sumter and Marion Counties, Florida), and as developed and managed by The Villages of Lake-Sumter, Inc., and its affiliates (collectively the "Villages entities").

4. Defendants are all former salespersons of POV. Day is a resident of Lake County, Florida, while Mr. Kranz and Ms. Kranz are residents of Sumter County, Florida. Upon information and belief, Mr. Kranz and Ms. Kranz are married to each other.

## GENERAL ALLEGATIONS

5. Mr. Kranz is licensed in the State of Florida as a real estate associate, as that term is defined in Chapter 475, *Florida Statutes*. He was first engaged as a salesperson by POV, effective December 1, 2010.

6. Day is licensed in the State of Florida as a real estate associate, as that term is defined in Chapter 475, Florida Statutes. He was first engaged as a salesperson by POV, effective December 1, 2005.

7. Ms. Kranz is licensed in the State of Florida as a real estate associate, as that term is defined in Chapter 475, Florida Statutes. She was first engaged as a salesperson by POV, effective April 1, 2017.

8. As salespersons, each Defendant agreed to act as an independent contractor for POV to perform the customary activities of a real estate associate and to perform real estate-

related activities and services, as such terms are used and defined in Chapter 475, *Florida Statutes*.

9. As a result of their engagement by POV, each Defendant was privy to confidential and proprietary information concerning POV's and The Villages entities' business. Such information included, but was not limited to, existing and prospective client data (including names, addresses and phone numbers); information concerning substantial relationships with prospective or existing clients; contracts, transactions, plans, designs, policies, reports, histories and other information relating to POV's and The Villages' inventory, sales, transactions or business practices; client leads and techniques, policies, methods and procedures for generating or procuring sales or leads; information concerning prices, pricing and marketing; suppliers' names and addresses, and supplier and supply lists; advertising, advertising copy mid programs; sales reports, business reports, financial statements and reports, and operating statements; information relating to employees, agents, subagents, and independent contractors (including names, addresses, phone numbers, commissions, sales history and productivity); and computer programs, computer software, databases, and other electronic data.

10. As a result of their engagement by POV, Defendants each gained knowledge and had access to POV's substantial relationships with existing customers and specific prospective customers.

11. In consideration of their continued engagement by POV, Defendants each executed Independent Contractor Agreements on an annual basis.

12. Mr. Kranz executed his most recent Independent Contractor Agreement on or about July 13, 2018, a true and correct copy of which is attached as **Exhibit "A"** to this Complaint and is incorporated by reference.

13. Day executed his most recent Independent Contractor Agreement on or about July 25, 2018, a true and correct copy of which is attached as **Exhibit "B"** to this Complaint and is incorporated by reference.

14. Mrs. Kranz executed her most recent Independent Contractor Agreement on or about June 27, 2018, a true and correct copy of which is attached as **Exhibit "C"** to this Complaint and is incorporated by reference.

15. Each of the above-referenced Independent Contractor Agreements provides, in relevant part, that during the term of the agreement and for a period of twenty-four (24) months following its termination, the applicable Defendant:

> **shall not directly or indirectly engage in and shall** have no interest in any business or entity, whether as an owner, shareholder, member, employee, agent, consultant, contractor, or other affiliate of any kind, that is in any way involved with the sale, marketing, leasing, management, or the closing of sales transactions, of real estate situated within the geographic area known as The Villages® community as it exists at the time of termination of this Agreement (the "Restricted Area").

Each Independent Contractor Agreement contains as an exhibit a map of the Restricted Area as of June/July 2018, which includes territory in parts of Lake, Sumter and Marion Counties, Florida.

16. In addition, each of the above-referenced Independent Contractor Agreements provides, in relevant part, that during the term of the agreement and for a period of twenty-four (24) months following its termination, the applicable Defendant, *inter alia*, will not directly or indirectly solicit for employment any employee, agent or independent contractor of POV or The Villages entities.

17. Each of the above-referenced Independent Contractor Agreements also provides, in relevant part, that during the term of the agreement and for a period of twenty-four (24)

months following its termination, the applicable Defendant will not directly or indirectly solicit or accept real estate business from any current or former customer of The Villages entities (including POV), or any potential customer being solicited for business at the time of the applicable agreement is terminated.

18. Lastly, in each of the above-referenced Independent Contractor Agreements, the applicable Defendant agreed, *inter alia*: (a) to keep confidential and not divulge any confidential or proprietary information of POV or The Villages entities, and (b) to return all such information to POV upon termination of the Agreement.

19. Each Independent Contractor Agreement provides for POV's enforcement of the above-mentioned provisions, *inter alia*, through injunctive relief, as well as recovery of its damages attorneys' fees and costs incurred in connection with said enforcement.

20. On or about December 16, 2019, Day sent an e-mail to all POV salespersons announcing that said date was his last day working for POV.

21. On or about December 16, 2019, Ms. Kranz informed POV that she would no longer be performing services on behalf of POV. Specifically, she asked that POV "release" her real estate license and move it to "the State of Florida (DBR)," and she informed POV that she would "make sure to turn [her] keys in."

22. On or about December 16, 2019, Mr. Kranz sent an e-mail to all other POV salespersons stating that said date would be his last day as a representative of POV.

23. After receiving notice that Defendants were terminating their respective independent contractor relationships, POV learned that on or about December 9, 2019, Day and Mr. Kranz formed a limited liability company known as "KD Premier Realty, LLC," located in Sorrento, Lake County, Florida. According to the records of the Secretary of State of the State of

Florida (a true and correct copy of which is attached hereto as **Exhibit "D"**), Mr. Kranz are listed as a member of this entity, and Day is listed as President.

24. POV also has discovered that Defendants are contacting current POV salespersons – both directly and through social media – to solicit them to leave POV and join their nascent competing business. For example, Day texted at least one POV salesperson, informing that salesperson (incorrectly) that POV's non-compete covenants had expired and that "a new brokerage is opening in [T]he [V]illages." Day also urged the salesperson to "come with [him]" and not to sign any new Independent Contractor Agreement with POV. Similarly, Day posted on FaceBook that he had "started [his] own brokerage as the broker/owner."

25. Upon information and belief, Defendants have contacted customers of POV regarding their departure from POV for the purpose of diverting the customers' business from POV to their competing business.

26. Upon information and belief, Defendants have in their possession, and have not returned to POV, confidential and proprietary information of POV and The Villages entities that they intend to use for their competing business. For example, on the day prior to leaving POV, Mr. Kranz electronically misappropriated an electronic spreadsheet containing information about POV customers.

## COUNT I

### BREACH OF INDEPENDENT CONTRACTOR AGREEMENT
### (Against Defendant Mr. Kranz)

27. POV realleges and incorporates by reference Paragraphs 1 through 26, above.

28. POV's Independent Contractor Agreement with Mr. Kranz is reasonably necessary to protect POV's legitimate business interests, which include, without limitation, its substantial relationships with existing and specific prospective customers, the confidential and

6

proprietary information of POV and The Villages entities, and customer goodwill associated with both the federal trademarks "The Villages®" and "Properties of The Villages®" and the geographic location of The Villages®.

29. Mr. Kranz has breached his Independent Contractor Agreement by establishing a competing business, soliciting POV's customers and salespersons to end their relationship with POV, and improperly obtaining and not returning to POV its confidential and proprietary information.

30. Because Mr. Kranz has violated his Independent Contractor Agreement, POV has suffered, and will continue to suffer, irreparable harm by reason of the competitive nature of the business.

31. Unless Mr. Kranz is enjoined from the covenants in his Independent Contractor Agreement, POV will continue to suffer immediate and irreparable harm.

32. POV does not have an adequate remedy at law for Mr. Kranz's breach of his Independent Contractor Agreement.

33. Pursuant to Mr. Kranz's Independent Contractor Agreement, POV may seek injunctive relief in order to prevent continuing irreparable harm.

34. To the extent that the Court determines that there is, in whole or in part, an adequate remedy at law, POV has suffered damages in an amount to be determined at trial.

35. In order to enforce the Agreement, POV has been required to retain the undersigned counsel to represent it and has agreed to pay said counsel a reasonable fee for its services.

**WHEREFORE,** POV respectfully requests that the Court render a temporary and permanent injunction restraining Mr. Kranz from: (a) competing against POV in violation of his

Independent Contractor Agreement; (b) disclosing or utilizing POV's valuable confidential and proprietary information (and ordering return of said information to POV); (c) directly or indirectly soliciting any current or former customer of The Villages entities (including POV), or any potential customer being solicited for business at the time his Independent Contractor Agreement; (d) directly or indirectly soliciting POV salespersons to end their relationship with POV and/or join any competing business.  POV further requests that the Court render a judgment in its favor and against Mr. Kranz: (a) making POV whole for any losses sustained by virtue of Mr. Kranz's breach of his Independent Contractor Agreement; (b) awarding POV its attorneys' fees and costs incurred in this matter; and (c) granting any other relief the Court deems appropriate.

## COUNT II

### BREACH OF INDEPENDENT CONTRACTOR AGREEMENT
### (Against Defendant Day)

36.     POV realleges and incorporates by reference Paragraphs 1 through 26, above.

37.     POV's Independent Contractor Agreement with Day is reasonably necessary to protect POV's legitimate business interests, which include, without limitation, its substantial relationships with existing and specific prospective customers, the confidential and proprietary information of POV and The Villages entities, and customer goodwill associated with both the federal trademarks "The Villages®" and "Properties of The Villages®" and the geographic location of The Villages®.

38.     Day has breached his Independent Contractor Agreement by establishing a competing business, soliciting POV's customers and salespersons to end their relationship with POV, and improperly obtaining and not returning to POV its confidential and proprietary information.

39. Because Day has violated his Independent Contractor Agreement, POV has suffered, and will continue to suffer, irreparable harm by reason of the competitive nature of the business.

40. Unless Day is enjoined from the covenants in his Independent Contractor Agreement, POV will continue to suffer immediate and irreparable harm.

41. POV do not have an adequate remedy at law for Day's breach of his Independent Contractor Agreement.

42. Pursuant to Day's Independent Contractor Agreement, POV may seek injunctive relief in order to prevent continuing irreparable harm.

43. To the extent that the Court determines that there is, in whole or in part, an adequate remedy at law, POV has suffered damages in an amount to be determined at trial.

44. In order to enforce the Agreement, POV has been required to retain the undersigned counsel to represent it and has agreed to pay said counsel a reasonable fee for its services.

**WHEREFORE,** POV respectfully requests that the Court render a temporary and permanent injunction restraining Day from: (a) competing against POV in violation of his Independent Contractor Agreement; (b) disclosing or utilizing POV's valuable confidential and proprietary information (and ordering return of said information to POV); (c) directly or indirectly soliciting any current or former customer of The Villages entities (including POV), or any potential customer being solicited for business at the time his Independent Contractor Agreement; (d) directly or indirectly soliciting POV salespersons to end their relationship with POV and/or join any competing business. POV further requests that the Court render a judgment in its favor and against Day: (a) making POV whole for any losses sustained by virtue of Day's

breach of his Independent Contractor Agreement; (b) awarding POV its attorneys' fees and costs incurred in this matter; and (c) granting any other relief the Court deems appropriate.

## COUNT III

### BREACH OF INDEPENDENT CONTRACTOR AGREEMENT
### (Against Defendant Ms. Kranz)

45.  POV realleges and incorporates by reference Paragraphs 1 through 26, above.

46.  POV's Independent Contractor Agreement with Ms. Kranz is reasonably necessary to protect POV's legitimate business interests, which include, without limitation, its substantial relationships with existing and specific prospective customers, the confidential and proprietary information of POV and The Villages entities, and customer goodwill associated with both the federal trademarks "The Villages®" and "Properties of The Villages®" and the geographic location of The Villages®.

47.  Upon information and belief, Ms. Kranz has breached her Independent Contractor Agreement by going to work for a competing business, soliciting POV's customers and salespersons to end their relationship with POV, and improperly obtaining and not returning to POV its confidential and proprietary information.

48.  Because Ms. Kranz has violated her Independent Contractor Agreement, POV has suffered, and will continue to suffer, irreparable harm by reason of the competitive nature of the business.

49.  Unless Ms. Kranz is enjoined from the covenants in her Independent Contractor Agreement, POV will continue to suffer immediate and irreparable harm.

50.  POV do not have an adequate remedy at law for Ms. Kranz's breach of her Independent Contractor Agreement.

51. Pursuant to Ms. Kranz's Independent Contractor Agreement, POV may seek injunctive relief in order to prevent continuing irreparable harm.

52. To the extent that the Court determines that there is, in whole or in part, an adequate remedy at law, POV has suffered damages in an amount to be determined at trial.

53. In order to enforce the Agreement, POV has been required to retain the undersigned counsel to represent it and has agreed to pay said counsel a reasonable fee for its services.

**WHEREFORE,** POV respectfully requests that the Court render a temporary and permanent injunction restraining Ms. Kranz from: (a) competing against POV in violation of her Independent Contractor Agreement; (b) disclosing or utilizing POV's valuable confidential and proprietary information (and ordering return of said information to POV); (c) directly or indirectly soliciting any current or former customer of The Villages entities (including POV), or any potential customer being solicited for business at the time her Independent Contractor Agreement; (d) directly or indirectly soliciting POV salespersons to end their relationship with POV and/or join any competing business.  POV further requests that the Court render a judgment in its favor and against Ms. Kranz: (a) making POV whole for any losses sustained by virtue of Ms. Kranz's breach of her Independent Contractor Agreement; (b) awarding POV its attorneys' fees and costs incurred in this matter; and (c) granting any other relief the Court deems appropriate.

## COUNT IV

### VIOLATION OF THE FEDERAL DEFEND TRADE SECRETS ACT OF 2016
### (Against All Defendants)

54. POV realleges and incorporates by reference Paragraphs 1 through 26, above.

11

55. As a result of their association and position of trust with POV, Defendants obtained access to POV's confidential and proprietary information, including but not limited to POV's customer records, business plans, forecasts, customer lists, financial information, product specifications, purchasing records, prospect lists, and other unique customer information to be used for legitimate business purposes only. This confidential and proprietary information constitutes trade secrets within the meaning of 18 U.S.C. § 1839(3).

56. POV exerts substantial, reasonable efforts to keep its confidential, proprietary, trade secret information a secret, which includes, but is not limited to, maintenance of confidentiality and non-disclosure covenants in the Independent Contractor Agreements.

57. POV derives economic value from such secrecy by depriving competitors of opportunities to use its trade secrets to gain a competitive advantage.

58. Defendants, however, have misappropriated POV's trade secrets within the meaning of 18 U.S.C. § 1839(5) by using and disclosing the trade secrets in conjunction their new competing business.

59. At all material times, Defendants understood this was POV's confidential and proprietary information.

60. The trade secret information improperly obtained and used by Defendants is utilized by POV, or intended for use by POV, in interstate commerce.

61. Following their departure from POV, Defendants have retained and continue to utilize POV's trade secret information for the unlawful economic benefit of themselves and their nascent competing business to the detriment of POV.

62. Defendants' misappropriation of POV's trade secrets give Defendants an unfair and unjust advantage in the operation of a competing business.

114860.000001 4821-5316-4975

63. Defendants' misappropriation of POV's trade secrets entitles POV to immediate injunctive relief and damages, pursuant to 18 U.S.C. § 1836(b)(3).

64. At all material times, Defendants have acted willfully, maliciously, and in bad faith.

65. As a result of Defendants' misappropriation, POV has suffered and will continue to suffer irreparable harm.

**WHEREFORE,** POV respectfully requests that the Court enter judgment against Defendants and in favor of POV: (a) enjoining Defendants, pursuant to 18 U.S.C. § 1836(b)(3)(A), from continuing to misappropriate POV's trade secrets; (b) requiring Defendants to return and (if applicable) delete to POV any and all POV trade secrets in their possession, custody, or control; (c) awarding POV damages, pursuant to 18 U.S.C. § 1836(b)(3)(B), in an amount to be determined at trial, together with interest; and (d) awarding POV its costs incurred in this action; and (e) such other and further relief as the Court deems proper and just.

## COUNT V

### VIOLATION OF THE FLORIDA UNIFORM TRADE SECRETS ACT
### (Against All Defendants)

66. POV realleges and incorporates by reference Paragraphs 1 through 26, above.

67. As a result of their association and position of trust with POV, Defendants obtained access to POV's confidential and proprietary information, including but not limited to POV's customer records, business plans, forecasts, customer lists, financial information, product specifications, purchasing records, prospect lists, and other unique customer information to be used for legitimate business purposes only. This confidential and proprietary information

constitutes trade secrets within the meaning of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.002(4).

68. POV exerts substantial, reasonable efforts to keep its confidential, proprietary, trade secret information a secret, which includes, but is not limited to, maintenance of confidentiality and non-disclosure covenants in the Independent Contractor Agreements.

69. POV derives economic value from such secrecy by depriving competitors of opportunities to use its trade secrets to gain a competitive advantage.

70. Defendants, however, have misappropriated POV's trade secrets within the meaning of Fla. Stat. § 688.002(2).

71. Defendants have benefited, and continue to benefit from, the use and disclosure of POV's confidential and proprietary trade secret information.

72. At all material times, Defendants understood this was POV's confidential and proprietary trade secret information.

73. Defendants' misappropriation of POV's trade secrets entitles POV to immediate injunctive relief and damages, pursuant to Fla. Stat. § 688.003.

74. At all material times, Defendants have acted willfully, maliciously, and in bad faith.

75. As a result of Defendants' misappropriation, POV has suffered and will continue to suffer irreparable harm.

**WHEREFORE,** POV respectfully requests that the Court enter judgment against Defendants and in favor of POV: (a) enjoining Defendants, pursuant to Fla. Stat. § 688.003, from continuing to misappropriate POV's trade secrets; (b) requiring Defendants to return to POV any and all POV trade secrets in their possession, custody, or control; (c) awarding POV damages,

114860.000001 4821-5316-4975

pursuant to Fla. Stat. § 688.004(1), in an amount to be determined at trial, together with interest; (d) awarding POV exemplary damages pursuant to Fla. Stat. § 688.004(2); (e) awarding POV its reasonable attorneys' fees and cost incurred pursuant to Fla. Stat. § 688.005; and; and (f) awarding POV such other and further relief as the Court deems proper and just.

## COUNT VI

## VIOLATION OF THE FEDERAL COMPUTER FRAUD AND ABUSE ACT
### (Against All Defendants)

76. POV realleges and incorporates by reference Paragraphs 1 through 26, above.

77. Defendants knowingly and intentionally have accessed POV's computer systems without authorization and/or in excess of their authorization to obtain or destroy information, including POV's confidential, proprietary, trade secret information, from a protected computer used in interstate commerce with the intent of harming POV.

78. Defendants' use of POV's computer system and data from said system for a purpose unrelated to their business relationships with POV constitutes unauthorized access of POV's computer systems and computer resources.

79. Upon information and belief, the information Defendants obtained from the above-alleged acts and conduct included confidential, proprietary, trade secret information, including but not limited to POV's customer lists. This information is extremely valuable to POV, and its disclosure to and use by Defendants affords them an unlawful advantage in their efforts to compete against POV.

80. Defendants have and will continue to benefit from their unauthorized access of POV's computer systems.

81. As a direct and proximate cause of the unauthorized access, POV has suffered in excess of $5,000 in damages and irreparable harm.

82. POV has suffered further consequential damages from Defendants' unauthorized access of POV's computer systems

83. As a result, POV continues to suffer immediate and irreparable harm. POV lacks an adequate remedy at law, and unless enjoined by this Court, Defendant will continue to cause irreparable injury to and damage POV as a result of their illegal acts.

**WHEREFORE,** POV requests that this Court enter judgment against the Defendants: (a) enjoining Defendants, pursuant to 18 U.S.C. § 1030(g), from using or disclosing information and/or data from POV obtained through Defendants' unauthorized access or access in excess of his authorization to access POV's computer systems, in violation of the Computer Fraud and Abuse Act; (b) requiring Defendants to immediately return all correspondence, files, client, business, or financial information, plans, price lists, sales information proposals, and other POV property to POV; (c) awarding POV damages as set forth in 18 U.S.C. § 1030(g), including but not limited to, its costs and reasonable attorneys' fees incurred in this action; and (d) awarding POV such other and further relief as the Court deems proper and just.

## **COUNT VII**

## **VIOLATION OF THE FLORIDA COMPUTER ABUSE AND DATA RECOVERY ACT**
**(Against All Defendants)**

84. POV realleges and incorporates by reference Paragraphs 1 through 26, above.

85. Defendants knowingly and intentionally have accessed POV's computer systems without authorization and/or in excess of their authorization to obtain or destroy information, including POV's confidential, proprietary, trade secret information, from a protected computer used in interstate commerce with the intent of harming POV.

16

86. Defendants' use of POV's computer system and date from said system for a purpose unrelated to their business relationships with POV constitutes unauthorized access of POV's computer systems and computer resources.

87. Upon information and belief, the information Defendants obtained from the above-alleged acts and conduct included confidential, proprietary, trade secret information, including but not limited to POV's customer lists. This information is extremely valuable to POV, and its disclosure to and use by Defendants affords them an unlawful advantage in their efforts to compete against POV.

88. Defendants have and will continue to benefit from their unauthorized access of POV's computer systems.

89. As a direct and proximate cause of the unauthorized access, POV has suffered in excess of $5,000 in damages and irreparable harm.

90. POV has suffered further consequential damages from Defendants' unauthorized access of POV's computer systems

91. As a result, POV continues to suffer immediate and irreparable harm. POV lacks an adequate remedy at law, and unless enjoined by this Court, Defendant will continue to cause irreparable injury to and damage POV as a result of their illegal acts.

**WHEREFORE,** POV requests that this Court enter judgment against the Defendants: (a) enjoining Defendants, pursuant to Fla. Stat. § 668.804, from using or disclosing information and/or data from POV obtained through Defendants' unauthorized access or access in excess of his authorization to access POV's computer systems, in violation of the Florida Computer Abuse and Data Recovery Act; (b) requiring Defendants to immediately return all correspondence, files, client, business, or financial information, plans, price lists, sales

information proposals, and other POV property to POV; (c) awarding POV damages as set forth in Fla. Stat. § 668.804, including but not limited to, its costs and reasonable attorneys' fees incurred in this action; and (d) awarding POV such other and further relief as the Court deems proper and just.

## COUNT VIII

### TORTIOUS INTERFERENCE
### (Against All Defendants)

92. POV realleges and incorporates by reference Paragraphs 1 through 26, above.

93. POV has contractual and advantageous business relationships with its own customers and salespersons.

94. Defendants knew or should have known of POV's business relationships with its own customers and salespersons, yet they have intentionally and unjustifiably interfered with said relationships by soliciting POV's customers and salespersons in violation of their respective Independent Contractor Agreements.

95. By their conduct, Defendants have tortiously and without privilege interfered in POV's contractual and/or business relationships.

96. POV has suffered and continues to suffer damage as a result of Defendants' tortious interference.

97. At all material times, Defendants have acted willfully, maliciously, and in bad faith.

**WHEREFORE,** POV respectfully requests that the Court render a judgment in its favor and against Defendants: (a) awarding POV compensatory and punitive damages in an amount to be determined at trial, together with interest; (b) awarding POV its costs incurred in this matter; and (c) granting any other relief the Court deems appropriate.

## COUNT IX

## CIVIL CONSPIRACY
### (Against All Defendants)

98. POV realleges and incorporates by reference paragraphs 1 through 26, above.

99. Defendants conspired with each other to solicit POV's customers and employees in violation of their respective Independent Contractor Agreements with POV in an attempt to benefit themselves by harming POV.

100. As a result of the conspiracy, Defendants have each breached their respective Independent Contractor Agreements with Plaintiffs, and they have assisted each other in breaching their respective agreements.

101. As a result of the conspiracy, all of the Defendants individually and collectively tortiously interfered with POV's business.

102. POV has suffered and continues to suffer damage as a result of the Defendants' civil conspiracy.

103. At all material times, Defendants have acted willfully, maliciously, and in bad faith.

**WHEREFORE,** POV respectfully requests that the Court render a judgment in its favor and against Defendants: (a) awarding POV compensatory and punitive damages in an amount to be determined at trial, together with interest; (b) awarding POV its costs incurred in this matter; and (c) granting any other relief the Court deems appropriate.

Dated:  December 20, 2019.

Respectfully submitted,

*s/Patrick M. Muldowney*
Patrick M. Muldowney
Florida Bar No.  0978396
E-mail: pmuldowney@bakerlaw.com
James W. Seegers
Florida Bar No. 122531
E-Mail: jseegers@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Post Office Box 112
Orlando, Florida  32802-0112
Phone:  (407) 649-4000
Fax:  (407) 841-0168

*Attorneys for the Plaintiff*