**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

PROPERTIES OF THE VILLAGES, INC.,

      Plaintiff,

v.                                    Case No: 5:19-cv-647-Oc-30PRL

JASON KRANZ, CHRISTOPHER DAY,
ANGELA KRANZ, CYNTHIA
HUGHES, NANETTE ELLIOTT, ANGIE
TAYLOR, KELLY SHIPES and KD
PREMIER REALTY, LLC,

      Defendants.

_____

## <u>ORDER</u>

**THIS CAUSE** came on for consideration upon the Report and Recommendation submitted by Magistrate Judge Philip R. Lammens (Dkt. 71), Plaintiff's Objections to the Report and Recommendation (Dkt. 83), Plaintiff's Motion for Leave to File Declaration under Seal (Dkt. 81), and Defendants' Response in Opposition (Dkt. 87).

After careful consideration of the Report and Recommendation of the Magistrate Judge, Plaintiff's Objections, and in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

After reviewing the pertinent filings, the Court also denies Plaintiff's Motion for Leave to File Declaration under Seal.

Turning first to the Magistrate Judge's Report and Recommendation, the Court concludes that the Magistrate Judge properly applied well-established Florida law regarding customer relationships and whether they constitute a legitimate business interest. To briefly summarize, Florida law does not protect *all* customer relationships—past, present, and future.   Florida law protects only "substantial" relationships with specific existing or prospective customers.   *See* Florida Statutes §542.335; *see also IDMWORKS, LLC v. Pophaly*, 192 F. Supp. 3d 1335, 1340 (S.D. Fla. 2016) (articulating substantial customer relationship test based on Florida case law and holding that movant cannot ignore the term "substantial"); *Evans v. Generic Sol. Eng'g, LLC*, 178 So. 3d 114, 117 (Fla. 5th DCA 2015) (holding that no substantial relationship existed where plaintiff did not have an exclusive contract with the customer or a reasonable expectation that it would continue to provide services to the customer after its contract expired).   Notably, Florida law does not protect former customers unless there is evidence of an agreement for future work. *See Envtl. Servs., Inc. v. Carter*, 9 So. 3d 1258, 1265 (Fla. 5th DCA 2009).

Applying this case law, the Court agrees with the Magistrate Judge's findings that Plaintiff did not establish a likelihood of success on the merits of its claims for breach of the restrictive covenants contained in the subject contracts because the evidence did not reflect interference with substantial relationships.   The evidence reflected customers that Plaintiff hoped to contract with in the future but that is insufficient, especially in the real estate industry where customers are free to list or buy with an agent of their choosing absent an existing contractual relationship.   Also, the Court disagrees with Plaintiff's argument that the Magistrate Judge created a "new test."   He applied fundamental Florida law.

The Court also agrees that Plaintiff did not establish how its documents were unique or proprietary, or how Defendants unfairly used any purported proprietary information to compete against Plaintiff.   Any remaining objections to the Report and Recommendation are overruled.

Finally, Plaintiff's Motion for Leave to File Declaration is denied because it is nothing more than a hindsight attempt to bolster the evidence.   As Defendants point out, Plaintiff submitted a declaration of its Director of Sales, Mr. Sundeep Gulati, in support of its Renewed Motion for Preliminary Injunction.   Mr. Gulati was deposed, in addition to a number of other witnesses.   Yet, Plaintiff seeks to introduce *another* declaration of Mr. Gulati under seal.   Plaintiff does not establish a reasonable basis to reopen the evidence after the Magistrate Judge conducted an evidentiary hearing and after the Magistrate Judge issued his Report and Recommendation.

Notably, the Court has "wide discretion" to reject a party's submission of evidence that was not previously presented to the Magistrate Judge.   *Clark v. Sheffield*, 807 F. App'x 910, 918 (11th Cir. 2020) (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)).   "A district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."   *Travelers Home & Marine Ins. Co. v. Calhoun*, No. 5:13–cv–251–Oc–22PR, 2014 WL 1328968, at *3 (M.D. Fla. Apr. 2, 2014) (citing *Williams*, 557 F.3d at 1291-92).

To warrant consideration of additional evidence, Plaintiff bears the burden to demonstrate a persuasive excuse for its failure to present that evidence to the Magistrate Judge.   *See*, *e.g.*, *Calhoun*, 2014 WL 1328968 at *3 (citation omitted).   This is because

the Court's consideration of additional evidence may "effectively nullify the magistrate judge's consideration of the matter" and undermine the purpose of the magistrate system "to relieve the workload of the district court."   *See Williams*, 557 F.3d at 1292.   Simply put, the Court will not permit a "trial run" of a motion, i.e., a strategy of waiting until the Magistrate Judge's report has been issued and then requesting to submit additional evidence in an attempt to bolster the motion and undermine the report.

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation (Dkt. 71) of the Magistrate Judge is adopted, confirmed, and approved in all respects, and is made a part of this Order for all purposes, including appellate review.

2. Plaintiff's Motion for Preliminary Injunction (Dkt. 52) is DENIED.

3. Plaintiff's Motion for Leave to File Declaration under Seal (Dkt. 81) is DENIED.

4. Defendants' Motion to Strike Plaintiff's Notice of Filing Supplemental Authority (Dkt. 79) is DENIED AS MOOT.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of October, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

4