UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PROPERTIES OF THE VILLAGES,
INC., a Florida Corporation

    Plaintiff,

v.                                        Case No: 5:19-cv-647-Oc-30PRL

JASON KRANZ, CHRISTOPHER DAY,
ANGELA KRANZ, CYNTHIA
HUGHES, NANETTE ELLIOTT,
ANGIE TAYLOR, KELLY SHIPES and
KD PREMIER REALTY, LLC,

    Defendants.

## ORDER

Before the court is the individual defendants' motion to compel the Properties of the Villages ("POV") to produce documents (Doc. 89), to which POV has responded (Doc. 94). For the following reasons, the defendants' motion is due to be granted in part.

### I. LEGAL STANDARD

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

The moving party "bears the initial burden of proving that the information sought is

relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. March 8, 2016) (quoting Fed. R. Evid. 401).

Proportionality requires counsel and the Court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the Court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

In order to frame the discovery on this issue, it is essential to determine what the purpose of the discovery is. As the commentary to Rule 26 explains: "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26. Then, of course, it is the "Court's responsibility, using all the information provided by the parties, . . . to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

## II. DISCUSSION

POV, a Florida based corporation that sells real estate and residential housing in the community known as The Villages, brings this action against KD Premier Realty and individual

defendants Jason Kranz, Christopher Day, Angela Kranz, Cynthia Hughes, Nanette Elliott, Angie Taylor, and Kelley Shipes for breach of independent contractor agreements, misappropriation of trade secrets, computer fraud and abuse, tortious interference, and civil conspiracy. (Doc. 41).

On January 24, 2020, the individual defendants served their first request for production on POV and POV responded on March 9. On June 5, 2020, all of the defendants served a joint request for production on POV and POV responded on July 6. POV raised several objections to the requests. POV has agreed to produce some of the documents requested, and the defendants seek an order that requires POV to comply with its written promises to provide these materials. In its response, POV addressed the discovery requests it has agreed to produce and submits that it will produce the relevant documents and information in the defendants' joint request for production, numbers 1-3 and 9, and individual defendants' request for production, numbers 5-6 and 9-11, on or before November 6, 2020, subject to the confidentiality agreements of the parties. (Doc. 94).

As to the disputed discovery requests, at issue are the defendants' joint request for production number 7, which seeks documents, emails, text messages, letters, or notes to or from any of the defendants and POV or its representatives; and request for production number 10, which seeks documents involving suggested political votes or political contributions from 2008 to present coming from or on behalf of POV or any representative of POV.

A. **Request for Production Number 7**

The defendants' joint request for production number 7 concerns: "Any and all documents, emails, text messages, letters, or notes to or from any of the Defendants and the Plaintiff or its representatives." (Doc. 89, Exhibit G). After POV objected on the grounds that it was overly broad, vague, and sought information not relevant (Doc. 89, Exhibit G), the defendants clarified:

> The subject matter of 'documents, emails, text messages, letters, or notes to or from any of the Defendants and the Plaintiff or its

>representatives" can be limited to those regarding: (1) Defendants' work for the Plaintiff, (2) Defendants' duties, responsibilities, training/education, compensation, commissions, agreements, and restrictive covenants, (3) elections, politics, campaigns, voting, and donations, (4) information that is alleged to be confidential, proprietary, and/or a trade secret by Plaintiff, (5) customers and clients, and (6) bonds and rebates.

(Doc. 89, Exhibit H). POV maintained its objections to the request. (Doc. 89, Exhibit H).

In its response, POV reiterated its objection and noted that it would be "wildly burdensome and disproportional," and with respect to documents regarding elections, politics, campaigns, voting, donations, bonds, and rebates, claims that the request is inappropriately vague and of questionable relevance. (Doc. 94, p. 6).

The claims in this case include a covenant not to compete dealing with the relationships the defendants and POV had with clients, and the confidential materials that the defendants dealt with on a daily basis. (Doc. 41). In their counterclaim, the individual defendants allege violations of the FLSA for unpaid overtime compensation. (Doc. 49). The material regarding the individual defendants' work for POV; duties, responsibilities, training/education, compensation, commissions, agreements, and restrictive covenants; information that is alleged to be confidential, proprietary, and/or a trade secret by POV; and information regarding customers and clients, are all certainly relevant to whether POV has a legitimate business interest to warrant finding its restrictive covenant enforceable, as well as the defendants' counterclaim under the FLSA.

As to the material regarding elections, politics, campaigns, voting, and donations; and the material related to bonds and rebates, the defendants assert that the information is at issue in their affirmative defenses. In affirmative defense 4(d), the defendants assert that the independent contractor agreement was breached by POV because it required the defendants to rebate commissions to sellers and did not disclose the rebate as required by law. (Doc. 49). In affirmative

defense 5, the defendants assert that POV is estopped from enforcing the independent contractor agreement because it required that the defendants make illegal and improper political contributions and donations. (Doc. 49). The information requested by the defendants is relevant to the claims and defenses in this case.

POV asserts that searching for "any and all" documents that might be relevant over a period of at least 15 years will be burdensome. This point is well taken. POV noted that it is willing to produce emails subject to search terms agreed to by the parties and proposed this solution to the defendants. According to POV, the defendants declined this resolution and instead requested all of the relevant emails from January 1, 2017 to present and would agree to the production of emails prior to 2017 subject to search terms agreed on by the parties. This request is reasonable. Although requesting POV to find all relevant email correspondence for the seven individual defendants over a period of 15 years may be burdensome, reducing the period of time to three years resolves that issue. Accordingly, POV should produce all relevant emails from January 1, 2017 to present and the parties should discuss relevant search terms for emails from the years prior to 2017.

As to the other documents, letters, notes, and text messages the defendants requested, it would be too burdensome to require POV to search for all of the relevant information relating to the seven defendants over a 15-year period. Therefore, POV should produce all relevant correspondence to the defendants from January 1, 2017 to present. For the period prior to 2017, the parties should discuss relevant search terms to produce any other electronic documents or text messages that may be relevant.

### B. Request for Production Number 10

The defendants' joint request for production number 10 concerns documents dealing with suggested political votes or contributions from 2008 to present from or on behalf of POV or any

representative of POV. POV claims that this information is not relevant and to the extent that the defendants claim it is relevant for their affirmative defense, they have not presented legal support for this theory. However, during discovery the court is not required to examine the likelihood of success or the merits of any claims or defenses, rather, the court must consider whether the information "is relevant to the claims and defenses in the action, and then ask whether the proposed discovery is proportional to the needs of the case." *Graham & Co.*, 2016 WL 1319697, at *3.

While it may be difficult to conceive of a way the defendants will prevail on this particular theory, that is not the standard for discovery. The defendants have at least argued that the documents are relevant to their defense. Here, the defendants raised the affirmative defense that POV is estopped from enforcing the independent contractor agreement because it required the defendants to make illegal and improper political contributions and donations. (Doc. 49). Therefore, as discussed above, any documents regarding suggested political votes or contributions would be relevant to this defense.

POV asserts that it does not have any documents that could be sought by the plaintiffs because *it* did not send any political or election information. However, the defendants claim that they received documents of this sort from representatives and affiliates of POV on POV letterhead. Documents such as these are indeed relevant and would presumably be accessible to POV if it was sent by representatives and affiliates on POV letterhead. Therefore, the defendants' motion is granted as to request number 10.

### III.  CONCLUSION

Accordingly, the defendants' motion to compel is GRANTED as set forth in this Order. POV shall produce all non-privileged materials responsive to the defendants' joint requests for production, numbers 1-3 and 9, and the individual defendants' request for production, numbers 5-

- 7 -

6 and 9-11 **on or before November 6, 2020.** POV shall produce the relevant documents to the defendants' joint request for production numbers 7 and 10 as outlined in this Order **on or before November 16, 2020.**

**DONE** and **ORDERED** in Ocala, Florida on November 2, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties