# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

PROPERTIES OF THE VILLAGES,
INC., a Florida Corporation

    Plaintiff,

v.                                                        Case No: 5:19-cv-647-JSM-PRL

JASON KRANZ, CHRISTOPHER
DAY, ANGELA KRANZ, NANETTE
ELLIOTT, ANGIE TAYLOR and KD
PREMIER REALTY, LLC,

    Defendants.

## ORDER

Before the court is Plaintiff's motion to compel discovery (Doc. 272). Defendants have not responded, although their counsel at the time filed answers to interrogatories and responses to requests for production with the court. The documents were subsequently stricken and removed from the docket. (Doc. 320). The court ordered Plaintiff to notify the court if the motion to compel was now moot, which Plaintiff has now done. (Doc. 328).

Plaintiff asserts that the motion is not moot because the production remains incomplete. Defendant Elliott has not provided any discovery responses. Her counsel told Plaintiff that she has experienced health issues and will be unable to provide discovery for an indeterminate amount of time. Defendants Christopher Day, Jason Kranz, and Angela Kranz's bank statements are missing for the months of July and August 2021. Plaintiff also submits that in some instances, full bank statements were not provided and instead web screenshots were taken. Plaintiff claims that Defendants failed to provide cancelled checks, debit memos, or bank notations for all transactions; balance sheets and other financial

statements; bank, credit, or loan applications; tax returns and refund records for 2020, including records verifying any extension and current tax payments; and credit card statements.

Plaintiff requests leave to file a supplemental submission under seal which will detail its need for specific documents related to the above categories. The submission will include Defendants' private financial information, including bank statements, account numbers, and other sensitive records. However, the court does not believe a supplemental submission is necessary to rule on the motion to compel. Plaintiff seeks financial information from the defendants to ascertain the existence and whereabouts of money and assets that would be able to satisfy the judgment it has against the defendants. This information is relevant to the satisfaction of the judgment and is discoverable under Federal Rule of Civil Procedure 26(b)(1). Indeed, the purpose of post-judgment discovery is to learn information relevant to the existence or transfer of the judgment debtor's assets. *Thomas v. French & French, Ltd.,* No. 5:11-CV-395-OC-10PRL, 2012 WL 13208436, at *1 (M.D. Fla. Nov. 8, 2012).

Here, Plaintiff's discovery requests appear to be directed toward identifying and locating assets for the purpose of executing its judgment. Therefore, Plaintiff's motion to compel (Doc. 272) is due to be GRANTED. Defendants must provide all outstanding requests for discovery on or before **October 1, 2021**.[1] Plaintiff's request to file supplemental information under seal is denied as moot.

---

[1] Plaintiff should file the appropriate motion to collect expenses under Rule 37(a)(5)(A) within ten days, and Defendants may file a response within ten days thereafter.

- 3 -

Moreover, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the Court are justifiably proud of the courteous practice that is traditional in the Middle District." Middle District Discovery (2021) at 1. Cooperation, courtesy, civility—these ideals should be strived for by all parties, even the parties here, on both an individual and a collective basis. Being cooperative, courteous, and civil doesn't mean that parties can't be adversarial, or attorneys anything less than zealous advocates. The Court expects that the parties will work together in good faith to resolve any other discovery issues.

**DONE** and **ORDERED** in Ocala, Florida on September 17, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties