UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PROPERTIES OF THE VILLAGES, INC.**, a Florida Corporation

    Plaintiff,

v.                                                          Case No: 5:19-cv-647-JSM-PRL

**JASON KRANZ, CHRISTOPHER DAY, ANGELA KRANZ, NANETTE ELLIOTT, ANGIE TAYLOR and KD PREMIER REALTY, LLC**,

    Defendants.

## ORDER

Before the court is Plaintiff's motion to compel the deposition of Defendant Christopher Day. (Doc. 322). Mr. Day has not responded, and the time for doing so has passed.

On April 26, 2021, the court entered judgment in favor of Plaintiff against the defendants in the amount of $603,700.36. (Doc. 181). When Mr. Day failed to pay the judgment, Plaintiff noticed his deposition. Plaintiff scheduled the deposition for 1:00 p.m. on September 3, 2021. (Doc. 322-1). On August 18, 2021, Plaintiff served the notice of deposition by sending it to Mr. Day's attorney (Mr. Shipley) and to Mr. Day's personal email address. Shortly after, Mr. Shipley notified Plaintiff that he was withdrawing as counsel for Mr. Day. Plaintiff's counsel sought confirmation that Mr. Day and Mr. Shipley would still be attending the deposition, and Mr. Shipley's paralegal claimed that Mr. Day was expected to appear, but Mr. Shipley would not be there. The paralegal claimed that Mr. Shipley did not represent Mr. Day for purposes of his deposition but would relay the information about the deposition to

Mr. Day "as a courtesy." (Doc. 322-3). Mr. Day did not appear (Doc. 322-5), and Mr. Shipley later informed Plaintiff's counsel that Mr. Day did not appear because "he was never served with a subpoena." (Doc. 322-6).

Plaintiff now requests the court to order Mr. Day to appear at a deposition scheduled on September 29, 2021 and award reasonable expenses due to Mr. Day's non-compliance. (Doc. 8). Plaintiff's counsel conferred with Mr. Day about the issues presented in the motion and represents that Mr. Day opposes the motion. However, Mr. Day did not file a response to the motion. Federal Rule of Civil Procedure 30(a)(1) provides, "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." A subpoena was not required to ensure Mr. Day's attendance. Further, Rule 37(d)(i) provides, "[t]he court where the action is pending may, on motion, order sanctions if: a party . . . fails, after being served with proper notice, to appear for that person's deposition." Mr. Day received proper notice of the deposition, through his attorney Mr. Shipley and to his personal email address. (Doc. 322-1).

Accordingly, Plaintiff's motion is due to be granted. **Mr. Day shall** appear for his noticed deposition scheduled on **September 29, 2021**. Within ten days of this Order, Plaintiff may file a motion to collect reasonable expenses incurred due to Mr. Day's non-appearance at the previously noticed deposition. Mr. Day may file a response ten days thereafter.

**DONE** and **ORDERED** in Ocala, Florida on September 24, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

- 3 -

Copies furnished to:

Counsel of Record
Unrepresented Parties